Evan A. Davis
Thomas J. Moloney
David E. Brodsky
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
(212) 225-2000

*Attorneys for defendants HSBC Bank PLC, and HSBC
Securities Services (Luxembourg) S.A.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>    Debtor. | SIPA LIQUIDATION<br><br>No. 08-01789 (BRL)<br><br>(Substantively Consolidated) |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>PRIMEO FUND,<br><br>    and<br><br>HSBC BANK PLC,<br><br>    and<br><br>HSBC Securities Services (Luxembourg) S.A.,<br><br>    Defendants. | Adv. Pro. No. 09-1366 (BRL) |

### ANSWER OF DEFENDANTS HSBC BANK PLC AND HSBC SECURITIES SERVICES (LUXEMBOURG) S.A.

Defendants HSBC[1] and HSBC (Luxembourg) (collectively "HSBC Defendants"), by its undersigned counsel, answer the Complaint of plaintiff Irving H. Picard, the Trustee for the liquidation of Bernard L. Madoff Investment Securities LLC, as follows:

## NATURE OF PROCEEDING

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1, except admit on information and belief that Bernard L. Madoff pled guilty on March 12, 2009 to 11 felony counts, and on June 29, 2009, was sentenced to 150 years imprisonment.

2. Deny the allegations of paragraph 2, except admit that the Trustee purports to bring claims under the statutory provisions enumerated therein and seeks the relief described therein.

## JURISDICTION AND VENUE

3. Admit the allegations of paragraph 3, except deny that this Court has personal jurisdiction over the HSBC Defendants. However, the HSBC Defendants do not contest the issue of personal jurisdiction in this case.

4. Deny the allegations of paragraph 4. The HSBC Defendants do not consent to entry of final orders or judgments by the Bankruptcy Judge.

5. Admit the allegations of paragraph 5.

## BACKGROUND, THE TRUSTEE AND STANDING

6. Deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 6, except admit on information and belief that Madoff was arrested on December 11, 2008, and that the SEC filed a complaint against Madoff and BLMIS.

---

[1] Capitalized terms not defined herein shall have the same meaning assigned to them in the Complaint.

7. Deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 7, and respectfully refer the Court to the Order dated December 12, 2008 for a complete and accurate statement of its contents.

8. Deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 8, and respectfully refer the Court to the application filed by SIPC referred to in paragraph 8 for a complete and accurate statement of its contents.

9. Deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 9, and respectfully refer the Court to the Order dated December 15, 2008 for a complete and accurate statement of its contents.

10. Deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 10, and respectfully refer the Court to the Orders dated December 23, 2008 and February 4, 2009 for complete and accurate statements of their contents.

11. Deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 11, except admit on information and belief that Madoff pled guilty at a plea hearing on March 12, 2009 and respectfully refer the Court to the transcript of the Plea Hearing for a complete and accurate statement of its contents.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12.

13. The allegations of paragraph 13 state legal conclusions as to which no response is required.

14. The allegations of paragraph 14 state legal conclusions as to which no response is required.

15. Deny knowledge and information sufficient to form a belief as to the truth of the allegations of subsections (a) and (c) of paragraph 15. The remaining allegations of paragraph 15 state legal conclusions as to which no response is required.

## THE FRAUDULENT PONZI SCHEME

16. Deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 16, except admit on information and belief that BLMIS conducted an investment advisory business from offices at 885 Third Avenue, New York, New York, and that BLMIS was registered with the SEC as a securities broker-dealer under section 15(b) of the Securities Exchange Act of 1934, 15 U.S.C. §78o(b).

17. Admit the allegations of paragraph 17.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18, except that HSBC (Luxembourg) received month-end statements from BLMIS purporting to show the securities, options and government securities that were held in—or had been traded through—the account at BLMIS for the credit of Primeo, and admit on information and belief that Madoff stated at the Plea Hearing that he never purchased any of the securities he claimed to have purchased for customer accounts.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19.

20. Deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 20, except admit on information and belief that Madoff stated at the Plea Hearing that he never purchased any of the securities he claimed to have purchased for customer accounts.

21. Deny knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 21, except admit on information and belief that Madoff stated at the Plea Hearing that he operated the IA business as a Ponzi scheme and that he never purchased any of the securities he claimed to have purchased for customer accounts.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24.

## THE DEFENDANTS AND THE TRANSFERS

25. Upon information and belief, admit the allegations of paragraph 25.

26. Admit the allegations of paragraph 26, except deny that HSBC acted as beneficiary bank for Primeo, but admit that there are cash accounts in multiple currencies at HSBC opened by HSBC (Luxembourg) on behalf of Primeo, which are being held to the credit of Primeo. As of August 6, 2009, the balance in those accounts totaled approximately $5.4 million.

27. Admit the allegations of paragraph 27.

28. Deny the allegations of paragraph 28, except admit that HSBC (Luxembourg), then known as Bank of Bermuda (Luxembourg) S.A., signed a document with BLMIS entitled "Sub-Custody Agreement," dated August 7, 2002 and admit that Bank of Bermuda (Luxembourg) S.A. changed its name by operation of law to HSBC (Luxembourg). However, the agreement neither became effective nor was implemented in fact as HSBC

5

(Luxembourg) never entrusted any assets of Primeo with BLMIS as sub-custodian, nor paid any sub-custodial fees to BLMIS, but only transferred cash to Primeo's account with BLMIS based on proper instructions received from Primeo or its investment manager.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29, except admit that HSBC (Luxembourg) acted as custodian for Primeo, and Primeo maintained an account at BLMIS that was designated 1FN092 by BLMIS, and admit on information and belief that Primeo entered into a Customer Agreement, an Option Agreement and a Trading Authorization Limited to Purchases and Sales of Securities and Options with BLMIS.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30, and respectfully refer the Court to the Customer Agreement for a complete and accurate statement of its content.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31.

32. Deny the allegations of paragraph 32.

33. Admit that BLMIS wired $3,500,000 on or about December 29, 2006, $10,900,000 on or about February 1, 2007, and $1,000,000 on April 3, 2007 to an account at HSBC opened by HSBC (Luxembourg) on behalf of Primeo, but deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 33, and aver that the last sentence of paragraph 33 is a legal conclusion as to which no response is required, but to the extent one is required, deny that any of the Two-Year Transfers are avoidable or recoverable against or from the HSBC Defendants.

34. Admit that BLMIS wired $4,000,000 on or about March 3, 2005, $10,000,000 on or about June 1, 2005, $17,250,000 on or about July 1, 2005, $8,000,000 on or about September 30, 2005, $38,600,000 on or about November 3, 2005, $12,850,000 on or about December 5, 2005, $5,000,000 on or about March 1, 2006, $5,500,000 on or about July 3, 2006, $2,000,000 on or about August 2, 2006, $2,800,000 on or about September 21, 2006, $5,250,000 on or about November 3, 2006, and $1,000,000 on or about December 5, 2006 to an account at HSBC opened by HSBC (Luxembourg) on behalf of Primeo, but deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 34, and aver that the last sentence of paragraph 34 is a legal conclusion as to which no response is required, but to the extent one is required, deny that any of the Six-Year Transfers are avoidable or recoverable against or from the HSBC Defendants.

35. Deny knowledge or information sufficient to form a belief as to what Primeo knew or should have known, and otherwise deny each and every allegation in paragraph 35.

36. Admit that the Trustee seeks the relief described in paragraph 36.

37. The allegations of paragraph 37 are legal conclusions as to which no response is required, but to the extent one is required, deny the allegations of paragraph 37.

38. Deny the allegations of paragraph 38, except aver that funds held at accounts at HSBC opened by HSBC (Luxembourg) on behalf of Primeo, totaling approximately $5.4 million as of August 6, 2009, are the subject of a pending action in England by Primeo against HSBC for turnover.

39. The allegations of paragraph 39 are legal conclusions as to which no response is required, but to the extent one is required, deny that any of the Two-Year or Six-Year Transfers are avoidable or recoverable against or from the HSBC Defendants.

40. The allegations of paragraph 40 are legal conclusions as to which no response is required.

41. The allegations of paragraph 41 are legal conclusions as to which no response is required.

## COUNT ONE

### Turnover and Accounting – 11 U.S.C. § 542

42. In response to paragraph 42, the HSBC Defendants repeat, reallege and incorporate each and every response to paragraphs 1 - 41.

43. The allegations of paragraph 43 are legal conclusions as to which no response is required, but to the extent one is required, deny the allegations of paragraph 43.

44. The allegations of paragraph 44 are legal conclusions as to which no response is required, but to the extent one is required, deny the allegations of paragraph 44.

45. The allegations of paragraph 45 are legal conclusions as to which no response is required, but to the extent one is required, deny the allegations of paragraph 45.

## COUNT TWO

### Fraudulent Transfer – 11 U.S.C. §§ 548(a)(1)(A), 550, and 551

46. In response to paragraph 46, the HSBC Defendants repeat, reallege and incorporate each and every response to paragraphs 1 - 45.

47. Deny knowledge or information sufficient to form a belief as to the truth of paragraph 47, except incorporate the admission contained in the response to paragraph 33.

48. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48.

49. The allegations of paragraph 49 are legal conclusions as to which no response is required.

50. The allegations of paragraph 50 are legal conclusions as to which no response is required.

## COUNT THREE

**Fraudulent Transfer – 11 U.S.C. §§ 548(a)(1)(B), 550, and 551**

51. In response to paragraph 51, the HSBC Defendants repeat, reallege and incorporate each and every response to paragraphs 1 - 50.

52. Deny knowledge or information sufficient to form a belief as to the truth of paragraph 52, except incorporate the admission contained in the response to paragraph 33.

53. The allegations of paragraph 53 are legal conclusions as to which no response is required, but to the extent one is required, deny the allegations of paragraph 53.

54. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54.

55. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55.

56. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56.

57. The allegations of paragraph 57 are legal conclusions as to which no response is required.

58. The allegations of paragraph 58 are legal conclusions as to which no response is required.

## COUNT FOUR

**Fraudulent Transfer – New York Debtor and Creditor Law §§ 276, 276-a, 278 and/or 279, and 11 U.S.C. §§ 544, 550(a), and 551**

59. In response to paragraph 59, the HSBC Defendants repeat, reallege and incorporate each and every response to paragraphs 1 - 58.

60. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60.

61. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61.

62. The allegations of paragraph 62 are legal conclusions as to which no response is required.

## COUNT FIVE

**Fraudulent Transfer – New York Debtor and Creditor Law §§ 273 and 278 and/or 279, and 11 U.S.C. §§ 544, 550(a), 551, and 1107**

63. In response to paragraph 63, the HSBC Defendants repeat, reallege and incorporate each and every response to paragraphs 1 - 62.

64. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64.

65. The allegations of paragraph 65 are legal conclusions as to which no response is required, but to the extent one is required, deny the allegations of paragraph 65.

66. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66.

67. The allegations of paragraph 67 are legal conclusions as to which no response is required.

## COUNT SIX

**Fraudulent Transfers – New York Debtor and Creditor Law §§ 274, 278 and/or 279, and 11 U.S.C. §§ 544, 550(a), 551, and 1107**

68. In response to paragraph 68, the HSBC Defendants repeat, reallege and incorporate each and every response to paragraphs 1 - 67.

69. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69.

70. The allegations of paragraph 70 are legal conclusions as to which no response is required, but to the extent one is required, deny the allegations of paragraph 70.

71. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 71.

72. The allegations of paragraph 72 are legal conclusions as to which no response is required.

## COUNT SEVEN

**Fraudulent Transfers – New York Debtor and Creditor Law §§ 275, 278 and/or 279, and 11 U.S.C. §§ 544, 550(a), and 551**

73. In response to paragraph 73, the HSBC Defendants repeat, reallege and incorporate each and every response to paragraphs 1 - 72.

74. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 74.

75. The allegations of paragraph 75 are legal conclusions as to which no response is required, but to the extent one is required, deny the allegations of paragraph 75.

76. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 76.

77. The allegations of paragraph 77 are legal conclusions as to which no response is required.

## COUNT EIGHT

**Undiscovered Fraudulent Transfers – New York Civil Procedure Law and Rules 203(g) and New York Debtor and Creditor Law §§ 276, 276-a, 278, and/or 279, and 11 U.S.C. §§ 544, 550(a), and 551**

78. In response to paragraph 78, the HSBC Defendants repeat, reallege and incorporate each and every response to paragraphs 1 – 77.

79. The allegations of paragraph 79 are legal conclusions as to which no response is required.

80. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 80.

81. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 81.

82. The allegations of paragraph 82 are legal conclusions as to which no response is required.

## DEFENSES

Assertion by the HSBC Defendants of any affirmative defense(s) or any other defense(s) shall not be deemed a concession that the HSBC Defendants bear the burden of proof with respect to any of them.

First Defense

The Complaint, and each and every claim stated therein against the HSBC Defendants, fails to state a claim upon which relief, either legal or equitable, can be granted.

Second Defense

The HSBC Defendants at all times acted as mere conduits for payment transfers between BLMIS and Primeo and at no time had dominion or control over any of the funds that were so transferred. Accordingly, the HSBC Defendants did not receive any transfer to or for their benefit and are not transferees for purposes of section 550 of the Bankruptcy Code.

Third Defense

There is an action pending in the High Court of Justice, Chancery Division, Companies Court in London, wherein the liquidators of Primeo seek from HSBC the turnover of the cash in the accounts described in the response to paragraph 26. The Trustee has been in communications with counsel for HSBC and Primeo's liquidators, and has been given by the High Court until 4:00pm on September 16, 2009 to file and serve any application he intends to make to assert his interests in the disputed funds. To the extent the HSBC Defendants are required by the High Court to turn over any funds to Primeo's liquidators, the Trustee's claims against the HSBC Defendants related to such funds should be barred in order to protect the HSBC Defendants from the risk of inconsistent judgments or double liability.

Fourth Defense

The Trustee's claims are barred under the principles of international comity and judicial deference, which require the Trustee to coordinate his prosecution of this action with the action pending in the High Court in London.

### Fifth Defense

The Trustee's claims are barred by the "first to file" rule, which requires deference to suit that was previously filed with identical or similar parties and issues.

### Sixth Defense

The Trustee's claims are barred by the doctrine of *forum non conveniens*.

### Seventh Defense

Primeo, which upon information and belief has not filed a claim in this SIPA proceeding, has failed to respond to the Complaint in a timely manner, and the Trustee has moved for an entry of default against Primeo. If and to the extent that this Court lacks personal jurisdiction over Primeo, the Trustee has failed to effectively join a necessary and indispensable party.

### Eighth Defense

The Trustee's claims are barred by section 546(e) of the Bankruptcy Code.

### Ninth Defense

If the Trustee seeks to recover from the HSBC Defendants any funds that have been transferred to, or for the benefit of, any person other than Primeo, each of whom is hereafter referred to herein as a "Remote Transferee," then such Remote Transferee is a necessary and indispensable party, whom the Trustee has failed to join.

### Tenth Defense

Neither the HSBC Defendants nor, on information and belief, any Remote Transferees, knew or had reason to know that any funds transferred by BLMIS or Primeo were related to or derived from a Ponzi scheme or any voidable transfer, and therefore if and to the extent they received funds transferred from BLMIS to Primeo, they received those funds for

14

value, in good faith, and without knowledge of the voidability of the transfers, for purposes of section 550(b)(1) and 550(b)(2) of the Bankruptcy Code.

## Eleventh Defense

The Trustee's claims are barred by section 548(c) and 548(d)(2)(A) and 548(d)(2)(B) of the Bankruptcy Code.

## Twelfth Defense

The Trustee's claims are barred because to the extent the HSBC Defendants received any transfers, such transfers were for value, in good faith, and without knowledge of the voidability of the payments.

## Thirteenth Defense

The Trustee's claims are barred by section 547(c)(1), 547(c)(2) and 547(c)(4) of the Bankruptcy Code.

## Fourteenth Defense

The Trustee's claims are not ripe, because he has failed to demonstrate that the conditions of 15 U.S. § 78fff-2(c)(3) have been met.

## **RESERVATION OF RIGHTS**

The HSBC Defendants hereby give notice that they intend to rely upon any other defense or defenses that may have become available or appear during the pre-trial proceedings, based upon evidence developed in discovery or otherwise, and hereby reserve the right to amend their answer to assert any such defenses.

WHEREFORE, the HSBC Defendants respectfully request that the Court dismiss the Complaint as against them; award costs, disbursements and attorneys' fees to the HSBC Defendants; and grant such other and further relief that the Court deems just and proper.

August 28, 2009

                              CLEARY GOTTLIEB STEEN & HAMILTON LLP

                              By: /s/ Evan A. Davis
                                  Evan A. Davis
                                  Thomas J. Moloney
                                  David E. Brodsky

                              One Liberty Plaza
                              New York, New York 10006
                              (212) 225-2000

                              *Attorneys for defendants HSBC Bank PLC, and*
                              *HSBC Securities Services (Luxembourg) S.A.*

Of Counsel:
James Corsiglia
James C. Clark
Marla A. Decker